UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES, | Case No. 1:25-cv-00683-BAM |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| MONIQUE DELEON, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| Defendant. | |
| | (Doc. 14) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff James Albert Hodges, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil action on June 5, 2025.  (Doc. 1.)  The complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for preliminary injunction, filed October 16, 2025.  (Doc. 14.)  In his motion, Plaintiff complains of false arrest, false imprisonment, excessive force, and abuse of power.  He asks to be released from prison immediately and for damages.  Plaintiff alleges that Defendant Deleon, a parole officer, falsified an arrest report, lied under oath at a preliminary hearing in Plaintiff's criminal case, and framed him.  Plaintiff asks the Court to investigate his claims, retrieve his Bakersfield Superior Court evidence, pictures, arrest reports, and preliminary hearing and trial transcripts, release him from prison, and speak to the

1

Attorney General. (*Id.*)

**II.     Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

To the extent Plaintiff is seeking injunctive relief, he has not met the requirements for such relief. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious,

1  if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a
2  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.
3  § 1915(e)(2)(B)(ii).

4  The complaint has not yet been screened, and this action does not yet proceed on any
5  cognizable claims, no defendant has been ordered served, and no defendant has yet made an
6  appearance.  Thus, the Court at this time lacks personal jurisdiction over defendant or any prison
7  staff at any CDCR institution, and it cannot issue an order requiring them to take or forbid them
8  from taking any action.

9  Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the
10  absence of an injunction, that the balances of equities tips in his favor, or that an injunction is in
11  the public interest.  To the extent Plaintiff is attempting to challenge his conviction or the validity
12  of his continued confinement, the exclusive method for asserting that challenge is by filing a
13  petition for a writ of habeas corpus.  State prisoners cannot challenge the fact or duration of their
14  confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  *Wilkinson*
15  *v. Dotson*, 544 U.S. 74, 78 (2005).

16  **III.    Order and Recommendation**

17  Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a
18  District Judge to this action.

19  Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary
20  injunction, (Doc. 14), be denied.

21  These Findings and Recommendations will be submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
23  **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may
24  file written objections with the court.  The document should be captioned "Objections to
25  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**
26  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**
27  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**
28  **limit may not be considered.**  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 20, 2025**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE