# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES ALBERT HODGES,

Plaintiff,

v.

MONIQUE DELEON,

Defendant.

Case No. 1:25-cv-00683-KES-BAM (PC)

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DIRECTING CLERK TO FILE LODGED COMPLAINT AS THE SECOND AMENDED COMPLAINT

(ECF No. 22)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 22)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff James Albert Hodges ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. At the time of the events, Plaintiff was a parolee and on parole. On December 19, 2025, the Court screened Plaintiff's complaint and granted Plaintiff leave to amend. (ECF No. 1, 20.) On December 29, 2025, Plaintiff filed a first amended complaint. (ECF No. 21.) Before the Court could screen the first amended complaint, the Court received an "amended complaint," which was lodged on January 8, 2026. (ECF No. 22.) The Court will construe the lodged amended complaint, filed on January 8, 2026, as a motion to amend pursuant to Federal Rule of Civil Procedure 15(a).

## I. Motion to Amend

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a) of the Federal Rules of Civil Procedure, a

party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's first amended complaint has not yet been screened, and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's lodged amended complaint, construed as a motion to amend, shall be granted. The clerk will be directed to file the lodged complaint (ECF No. 22) as the second amended complaint. The Court will proceed to screen the second amended complaint.[1]

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

[1] The Court construes the second amended complaint as a separate complaint, and does not read the first amended complaint (ECF No. 21) in conjunction with the now approved second amended complaint. (ECF No. 22.) In the Court's prior screening, Plaintiff was informed that any amended complaint must be "complete in itself without reference to the prior or superseded pleading." (ECF No. 20 p. 6.)

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**III. Plaintiff's Allegations**

<u>Current Allegations</u>

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California. Plaintiff names Monique DeLeon, Bakersfield Parole Officer, as the sole defendant. Plaintiff alleges as follows.[2]

On December 8, 2022, Plaintiff was living in Westcare sober living. Plaintiff was subjected to unnecessary use of force and cruel and unusual punishment. Plaintiff alleges that DeLeon bit herself on her left wrist and falsified the arrest report. Plaintiff wants the Court and the Attorney General to hire a bite mark expert and to have both DeLeon and Plaintiff take a lie detector test. Plaintiff wants the courts and the Attorney General to get the evidence pictures, arrest reports, preliminary hearing, and doctor reports.

Plaintiff was accused by another parolee of indecent exposure. Plaintiff did not know he was accused. Then there was a knock on his door. Four parole officers were there with the leader of DeLeon. DeLeon said Plaintiff was under arrest and Plaintiff asked why. He wanted to know where his parole officer was. Plaintiff was rushed to the ground. Plaintiff was hit in the head while being told to stop resisting. Plaintiff told them to stop hitting him, and they handcuffed

---

[2] The handwriting is oftentimes illegible. To the best of its ability, the Court interprets the relevant factual allegations.

Plaintiff. They stopped hitting Plaintiff, and Plaintiff walked to the backseat door. Plaintiff said before I get in please tell me what I did wrong. DeLeon said you are getting in. She ran around to the passenger side backseat and came in using her left arm on top of the backseat while using her right arm to wrap it around Plaintiff's neck. Plaintiff had dropped to his knee outside of the door. So DeLeon wrapped her right arm around Plaintiff's neck and started pulling Plaintiff up and inside the back seat. Plaintiff was not able to breathe. Plaintiff stopped resisting and got in [illegible] DeLeon stopped choking Plaintiff. Plaintiff said stop trying to George Floyd me. At that, DeLeon moved to choke Plaintiff again as DeLeon came to choke Plaintiff, Plaintiff was scared. His reaction was to stop her so Plaintiff leaned forward, and Deleon missed Plaintiff's neck. Plaintiff bit her outer wrist-wrist only-to stop her from choking for no reason. DeLeon screamed you bit me.

Plaintiff alleges his Due Process rights were violated and illegal search and seizure. Plaintiff complains no other parolee was talked to about the alleged exposing himself. No evidence was gathered. DeLeon falsified that Plaintiff bit DeLeon.

Plaintiff seeks compensatory and punitive damages.

<u>Pertinent Allegations from Original Complaint</u>

From the prior screening of the original complaint, the Court discerned from the allegations that charges were brought against Plaintiff, and he was tried and convicted. (ECF No. 1, 20.) Plaintiff contended that DeLeon falsified an arrest report and at his February 25, 2023 preliminary hearing, DeLeon lied under oath which contradicted her other testimonies. Plaintiff contended she lied to the hospital for treatment, and the arrest reports, preliminary hearing, and trial transcript contradict each other. (ECF No. 1, 20.) Plaintiff was tried and convicted.

Plaintiff omits these allegations in his second amended complaint. While it is true that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County,* 693 F.3d 896, 927 (9th Cir. 2012), Plaintiff also may not omit relevant facts in an attempt to state a cognizable claim. *See Azadpour v. Sun Microsys., Inc.,* No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike

the changed allegations as 'false and sham.' ") (citations omitted); *see also Denton v. Fisher*, No. 1:23-cv-00313-KES-BAM (PC), 2025 WL 3167582, at *7 (E.D. Cal. Nov. 12, 2025) (noting that while an amended complaint supersedes the original complaint, a plaintiff also may not omit relevant facts from an amended complaint in attempt to state a cognizable claim).

**IV. Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

**Habeas Action and *Heck* Barred**

The crux of Plaintiff's complaint appears to be that he was wrongfully convicted for the incident involving Defendant DeLeon. It appears that Plaintiff was convicted of charges based upon who bit who and he is challenging that conviction in this proceeding.

To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Indeed, "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson,* 544 U.S. at 78. Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997).

In *Heck,* the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

Plaintiff may not proceed in a civil rights action to challenge the validity of his conviction. His exclusive method is by an action for a writ of habeas corpus. This is because success on Plaintiff's claims would necessarily imply the invalidity of his conviction or sentence and consequently affect the duration of his confinement. *See Heck*, 512 U.S. at 486–87. The *Heck* bar precludes Plaintiff from bringing his claim until his conviction is overturned.

As noted in the Court's prior screening, Plaintiff's allegations indicate he was convicted of charges related to his arrest and force used during his arrest, and is currently incarcerated on his conviction of these charges. But importantly, Plaintiff does not allege that he has successfully appealed the conviction and had it overturned through writ of habeas corpus. Thus, to the extent Plaintiff impliedly seeks to invalidate his arrest, prosecution or conviction, his claims are *Heck*-barred. (ECF No. 20 p. 5.)

***Rooker-Feldman* Doctrine**

Plaintiff's claims are also subject to dismissal to the extent they seek to overturn state court rulings.

Under *the Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions and reverse those decisions. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008). The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.' " *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16). The Ninth Circuit has recognized that "[t]he clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser*, 525 F.3d at 859.

Here, Plaintiff explicitly states that he asks this Court to obtain an expert, examine the evidence of his conviction, and award him monetary compensation. Under the *Rooker-Feldman* doctrine, this Court lacks authority to review and reverse the state court's decision.

**V. Conclusion and Recommendation**

Plaintiff's second amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

The Clerk of the Court is DIRECTED to file the lodged amended complaint (ECF No. 22) as the second amended complaint.

For the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

**fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 30, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE